Constance B. Price, Respondent, *v.* Stephen Brown, etc., Appellant.

*Court of Appeals, March 5, 1889.*

Affirming 41 Hun, 645.

1. *Pleadings. Amendment.*—An amendment of the complaint, which withdraws a portion of a credit therein admitted, does not introduce a new cause of action, and may be granted upon the trial in the discretion of the referee.

2. *Same. Effect of reversal.*—The reversal of a judgment, after an amendment to the complaint was allowed upon the trial, does not, in the absence of any order or direction to that effect, reverse the order granting the amendment, and the new trial is necessarily to be had upon the amended pleadings.

3. *Appeal.*—The fact that the evidence complained of may be disregarded without, in the least, affecting the result, is a sufficient answer to all objections urged, on appeal, against its admission.

4. *Statute of limitations. Trustee.*—Where the question whether the defendant's testator held certain bonds as plaintiff's trustee was submitted to the jury for their determination, and the fact was so established, the courts below were right in holding that the statute of limitations did not constitute a defense.

Appeal from a judgment of the general term, affirming a judgment entered upon a verdict.

*N. C. Moak*, for appellant.

*John L. Hill*, for respondent.

FINCH, J.—Three objections to the judgment rendered in favor of the plaintiff, in this action, were mainly relied upon as grounds of reversal.

*First.* It is claimed that the court erred in directing the trial to proceed upon the pleadings as amended. The plaintiff originally claimed of the executors of Price the whole sum of $11,500 United States bonds, represented by her, as having been held by Price as her trustee. An action was then pending against Roessles and others, in which she claimed that $10,000 of the trust fund had been loaned by Price upon the mortgage executed to him by Roessles, and which she sought to follow and obtain as a part of that security. She therefore sued for the balance of $1,500, but alleging in the complaint a trust in the whole sum and crediting the $10,000 as involved in the mortgage action. In that action a judgment was rendered sustaining her claim upon a mortgage to the extent of $5,000, but disallowing it for the larger amount claimed. She chose to accept that decision as final and not to appeal from it, and thereupon moved, on affidavits before the referee in this action, to amend her complaint by striking out $5,000 of the credit given through mistake, and thereby increasing the balance claimed.

The referee granted the order upon condition of the payment of costs and the execution by plaintiff of a stipulation in writing which made the judgment in the mortgage action as to the $5,000 disallowed final and conclusive upon her. She accepted the conditions and the amendment was made, and upon the trial which followed, the plaintiff recovered. The defendants appealed from the judgment and it was reversed and a new trial granted. That new trial was necessarily upon the existing pleadings unless the court otherwise ordered. It could have reversed the order granting the amendment and confined the new trial to the original issues, but it did not. If the order was reviewed it was allowed to stand and was not reversed ; if it was not

reviewed, it was because the defendants did not raise the question.

We think, as did the general term on the last appeal, that the amendment did not introduce a new cause of action, and so was within the discretion of the referee.

The amount sought to be recovered was increased by the withdrawal of a credit given by mistake, the explanation of which was reasonable and satisfactory. The case, therefore, properly went to trial upon the amended pleadings.

*Second.* The plaintiff, to sustain her cause of action, testified that immediately prior to March 25, 1865, she had in her custody United States coupon bonds, amounting at their par value to $12,000. This evidence was objected to as calling for a personal transaction between herself and defendant's testator. It is evident that it did not on its face and considered by itself, but it was claimed inferentially to have shown a personal transaction with Price as the origin and source of her possession and title. It is a sufficient answer to all the objections urged in this connection that the evidence complained of may be disregarded without, in the least, affecting the result. The possession of the bonds by the wife, and the transfer of that possession from her trunk to Price's pocket, was proved by Bennett; and there is not in the case a word or a fact which justly tends to contradict that statement or would justify its disbelief. On the contrary, the entry on the blotter at the police station, reciting the numbers of the bonds stolen as detailed by Price, tends to corroborate the officer, and the answer to the amended complaint admits that "thereafter, and about the year 1869, the said Price, having converted the said bonds into money, at the request of the plaintiff, loaned of said proceeds the sum of $5,000." Looking to the complaint to see what bonds were referred to by the admission, we see the said bonds were the $12,000 alleged to have belonged to Mrs. Price, and the confession that he turned

them into money, and then loaned a part of the proceeds "at her request," is a substantial admission of her ownership. These facts are conclusive, especially when in the defense interposed there is no proof tending even remotely to contradict that ownership, and the affirmative defenses pleaded are the statute of limitations and payment. If the testimony of Mrs. Price as to her possession and custody of the bonds, and the date when it ended, be wholly disregarded, no conclusion adverse to her possession and ownership could lawfully be reached. It is needless, therefore, to say whether her evidence was, or was not, legally admissible.

*Third.* The jury found that Price held the bonds as plaintiff's trustee. That precise question was submitted for determination, and the fact having been so established, the courts below were right in holding that the statute of limitations did not constitute a defense.

We find no error in the judgment, and it should be affirmed, with costs.

All concur.